STEVENSON, J.
Ricardo Funesvalle challenges his first degree murder and robbery convictions, arguing error in the denial of his motion to suppress statements made to police and in the giving of a “principals” instruction. Finding no merit in either claim, we affirm the defendant’s convictions. We reject defendant’s argument that statements he made to the transporting officer, prior to any interrogation, served as an invocation of his right to counsel and required suppression of subsequent post-Miranda[1] statements to two West Palm Beach detectives; we write solely to address this issue.
*1002 Evidence at the suppression hearing established the defendant was arrested in Tampa, pursuant to a warrant, and transported to a Tampa jail. As the transport ended, and at or about the time the defendant exited the patrol car, he spontaneously asked the transporting officer “[w]ill my lawyer be here.” The officer responded, “No, I don’t think so, but I’m sure that you will get a lawyer, but not here” or “no, that I didn’t believe that he would have a lawyer but one would definitely be provided for him.” Without prompting, the defendant stated, “I need to talk to my lawyer. I killed a life, and I need to talk to my lawyer; I need to tell him a lot.” The transporting officer had no further conversation with the defendant and the defendant was placed in a holding cell.
West Palm Beach detectives indicated their conversation with the defendant took place at least an hour and a half after the defendant’s statements to the transporting officer, i.e., the detectives were still about one and a half hours away from Tampa when they learned of the comments. At the outset of the conversation, the detectives raised the matter of the defendant’s “lawyer” comments to the transporting officer and informed the defendant of his right to remain silent, his right to counsel before he made any statement and during questioning and that, if he desired a lawyer, but could not afford to pay for one, then the courts would appoint one for him and he wouldn’t have to pay. Thereafter, the detectives reaffirmed the defendant’s right to counsel several times. The defendant said he wanted to talk to the detectives and “to say the truth.” The defendant then made incriminating statements.
In seeking to suppress these statements, the defendant argued his statements to the transporting officer amounted to an invocation of the right to counsel, and, thus, the West Palm Beach detectives were prohibited from questioning him until counsel was provided or unless he initiated contact with police — neither of which occurred. In short, we find that the defendant’s statements to the transporting officer could not serve as an effective invocation of his Fifth Amendment right to counsel under Miranda because, at the time, custodial interrogation had not begun and was not sufficiently imminent. See Sapp v. State, 690 So.2d 581, 586 (Fla.1997) (holding that rule of law “requiring the invocation to occur either during custodial interrogation or when it is imminent strikes a healthier balance between the protection of the individual from police coercion ... and the State’s need to conduct criminal investigations”); Pardon v. State, 930 So.2d 700, 703-04 (Fla. 4th DCA 2006) (holding that custodial interrogation not imminent where a “few hours” passed between defendant’s asking toansporting officer about a lawyer and questioning; defendant’s comments to transporting officer did not prevent detective from later reading defendant his Miranda rights in anticipation of interrogation); see also Ault v. State, 866 So.2d 674, 682-83 (Fla.2003) (holding invocation of right to counsel executed in connection with unrelated attempted sexual battery charge not effective to invoke right to counsel in connection with investigation concerning disappearance of two girls so as to preclude police from initiating contact with defendant the following day).
Accordingly, having considered all issues raised, we affirm the defendant’s convictions.

Affirmed.

WARNER and GERBER, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).